IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DORIS ANN SWAN                                                                                     PLAINTIFF

vs.                                            Civil No. 6:12-cv-06095

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Doris Ann Swan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB and SSI on May 11, 2010.  (Tr. 15, 122-135).  Plaintiff alleged she was disabled due to anxiety, chronic obstructive pulmonary disease ("COPD") and wrist pain.  (Tr. 157, 188).  Plaintiff alleged an onset date of August 1, 2009.  (Tr. 207).  These applications were denied initially and again upon reconsideration.  (Tr. 66-79).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 82).

Plaintiff's administrative hearing was held on September15, 2011, in Little Rock, Arkansas. (Tr. 31-61). Plaintiff was present and was represented by counsel, Donald Pullen, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Myrtle Johnson, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a ninth grade education. (Tr. 36, 43).

On November 21, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 15-25). In this decision, the ALJ determined Plaintiff met the insured status of the Act through June 30, 2009. (Tr. 17, finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2009. (Tr. 17, Finding 2).

The ALJ determined Plaintiff had the severe impairments of COPD, chronic left wrist pain, anxiety disorder, personality disorder, and substance addiction disorder. (Tr. 17, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-24, Finding 5). First, the ALJ indicated she evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for less than the full range of sedentary work. *Id.* Specifically, the ALJ found Plaintiff retained the RFC to:

>perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally climb stairs, but can never climb ladders; she can occasionally stoop or bend; she must avoid exposure to concentrations of dust, fumes, gases, odor, smoke, poor ventilation, or other airborne irritants; she must avoid workplace hazards, such as dangerous machinery and unprotected heights; she can understand, retain, and carry out only simple instructions; she can make simple work related decisions; she can perform work where the complexity of tasks is learned and performed by rote, with few variables and little judgment; she can work in an environment few, if any workplace changes; she can perform work where interpersonal contact is incidental to the work performed and supervision required is simple, direct, and concrete; she cannot perform rapid, repetitive, flexion or extension of the wrists or hands; and she can use the right, non-dominant arm only occasionally for reaching.

(Tr. 19-20).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ determined Plaintiff was unable to perform her PRW. *Id.* The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing on this issue. (Tr. 56-60). Based on this testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a surveillance system monitor with 200 such jobs in Arkansas and 19,500 such jobs in the nation. (Tr. 25). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from August 1, 2009 through the date of her decision. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 9). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 27, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 23, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 9, Pg. 9-20.  Specifically, Plaintiff claims the ALJ erred: (1) in failing to find Plaintiff met a Listing, (2) in the RFC determination of Plaintiff, and (3) in failing to properly evaluate Plaintiff's subjective complaints.  In response, the Defendant argues the ALJ did not err in any of her findings.  ECF No. 10.  Because this Court finds the ALJ erred in the RFC determination of Plaintiff and failed to properly evaluate Plaintiff's subjective complaints, this Court will only address these issues.

    **A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required

5

to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to the claimed mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a

claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

From June 15, 2010 through June 21, 2010, Plaintiff was admitted to the Bridgeway Hospital for xanax and opiate dependence, depression and suicidal thoughts. (Tr. 251-257). Plaintiff had a GAF score of 20 on admission and a 31 on discharge. *Id.* On July 15, 2010, Plaintiff had a follow-up counseling session. (Tr. 258-265). On this visit, Plaintiff had a GAF score of 50. *Id*. Additionally, Plaintiff underwent a Mental Diagnostic Evaluation by Dr. Shea Stillwell on August 31, 2010. *Id.* Plaintiff was diagnosed with polysubstance abuse, anxiety disorder, physical abuse, and dependant personality disorder. (Tr. 284). Also, Plaintiff was given a GAF score of 52 during this evaluation. *Id.*

The ALJ did set out a limited discussion of these GAF scores, but did little more than to mention them.[2] It was the ALJ's responsibility to properly evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with depression, suicidal thoughts, mood disorder, and anxiety disorder. (Tr. 251, 256, 284).

Thus, considering these facts, because the ALJ did not properly evaluate Plaintiff's low GAF

---

[2]It is also noted Plaintiff had GAF scores of 20, 25, and 50 just 3 weeks following the ALJ's decision. (Tr. 539, 543, 545). These records were provided to the Appeals Council for review but they provided no discussion of these records other than to state they were considered. (Tr. 2).

scores, this case must be reversed and remanded for further evaluation of these scores.

### B. ALJ's Credibility Determination

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. While the ALJ indicated the factors from *Polaski* had been considered (Tr. 20), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. In her opinion, the ALJ only made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment

(Tr. 21).

The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis. This lack of analysis is insufficient under *Polaski*, and this case should be reversed and remanded for further consideration consistent with *Polaski*.[4]

---

[4] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

9

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of July 2013.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE